O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDA THI DU, | ) | CASE NO. SA CV 12-01703 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

        The Administrative Law Judge determined that Plaintiff Linda Thi Du suffered from diabetes and rheumatoid arthritis, but still could perform her past relevant work. Plaintiff asserts that this determination is wrong in three areas.

        First, Plaintiff asserts that the Administrative Law Judge wrongly determined that Plaintiff did not have a severe mental impairment. The regulations do not define a "severe" impairment. Instead, they state what a *non*-severe impairment is: one that does not significantly limit physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and mental activities. *Id.* The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more

than a minimal effect on the individual's ability to do basic work functions. SSR 85-28. This minimalist treatment has received the Courts' imprimatur. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all — it simply must have more than a minimal effect on his or her ability to do basic work functions. When the Commissioner rests his decision on the failure to satisfy the severity requirement, that decision, as with any other, must rest on substantial evidence within the record. *Smolen v. Chater, supra,* 80 F.3d at 1289-90.

Plaintiff received diagnoses of major depressive disorder, not otherwise specified. [AR 401, 508 ] Nevertheless, the Administrative Law Judge determined that Dr. Nguyen's records showed that Plaintiff had improved within six months [AR 30] and that Dr. Dao's suggested functional limitations were inconsistent with his medical findings. [*Id*.] The Administrative Law Judge also found that the state agency's determination of severity was inconsistent with its findings on Plaintiff's ability to function [*id*.], and that, based on the functionability assessments of the state agency and consulting examiner Dr. Bagner, Plaintiff only had mild depression with no restrictions in daily activities or social functioning, mild difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation. [AR 30-31]

The evidence does not support a finding of non-severity as to depression. The Administrative Law Judge wrongly interpreted the records of treating physician Dr. Nguyen. It is true that there are some references in Dr. Nguyen's records that Plaintiff "feels better" and "sleeps slightly better" and that these comments occur over a six-month treatment period [AR 399-400], yet Dr. Nguyen also characterized Plaintiff's affect and mood as "restricted," found that her immediate, short-term and remote memory were impaired, found that she showed paranoid symptoms, and gave her a GAF of 60, which corresponds to moderate symptoms or moderate difficulty in social, occupational, or school functioning. AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL

MANUAL OF MENTAL DISORDERS (4th ed.) at 32.  [AR 401-02]  Against these findings, it is not sufficient, for the purposes of showing non-severity, that subsequently there are some notations of improvement.

As for Dr. Dao, any inconsistency between his medical findings and his suggested functional limitations did not bear on the issue of *severity*, but on the issue of disability.  The Administrative Law Judge's problem with Dr. Dao's functional assessment was that it "indicates that the claimant has no useful ability to maintain any key area of mental functioning."  [AR 30]  Yet, at the level of Step Two, the impairment only must have more than a minimal effect on the ability to do basic functions, *Smolen, supra*; even if the Administrative Law Judge did not agree with the *extent* of the limitations suggested by Dr. Dao, Dao's records do note anxious or depressed mood, irritability, labile affect, and impoverished thought process.  [AR 507-513]  Since "an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence,'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (citing S.S.R. 85-28), the Administrative Law Judge erred in relying on some of what he perceived as inconsistencies to determine a lack of severity.

It is true that a non-examining state agency found that Plaintiff had no functional limitations (although that determination might just as readily be said to be inconsistent with a finding of severity as vice-versa), and that a consulting examiner found that Plaintiff had very few functional limitations.  But the state agency did not examine Plaintiff, and the consultant did suggest a limitation that was more than a minimal effect on her ability to perform basic work functions; he stated that she would have mild to moderate limitations handling normal stresses at work and completing a normal work week without interruption.  [AR 372]  Given the very low threshold for finding severity, therefore, it was error for the Administrative Law Judge not to find that Plaintiff had a severe mental impairment.

This does not end the Court's analysis, however.  *Lewis v. Astrue*, 498 F.3d 908 (9th Cir. 2007), stands for the proposition that the error is harmless if the

Administrative Law Judge nevertheless considered the impact of the impairment at later steps in the sequential analysis. Here the Administrative Law Judge found that Plaintiff could perform her past relevant work even if she needed to avoid the complex and detailed work referenced by the state agency consultants. [AR 34] Thus, any error in finding that the mental impairment was not severe was harmless, as the Administrative Law Judge did make a finding, with supporting evidence in the record, about the impact of the mental impairment.

The Administrative Law Judge did not, however, include in his residual functional capacity all the limitations that all the medical professionals had suggested; specifically, as noted, he did not agree with the degree of limitation that Dr. Dao suggested. While the Administrative Law Judge wrongly considered Dr. Dao's proposed limitations on the issue of severity, however, he *was* entitled to look at those limitations more skeptically on the issue of disability itself.

In rejecting Dr. Dao's extensive functional limitations, the Administrative Law Judge noted that Dr. Dao had seen Plaintiff on three occasions and

> The mental status examinations are essentially normal with only a few positive findings. More specifically, the records make no consistent findings as to abnormalities of speech; delusions hallucinations (despite the claimant's allegations as to hearing voices); motor activity; or concentration. These findings are not consistent with Dr. Dao's reporting on the functional assessment. Notes also reflect the claimant's activities of walking with her friends and attending church. This is not consistent with the reporting of emotional withdrawal or isolation.

[AR 30]  The Administrative Law Judge correctly interpreted the records from Dr. Dao, and correctly pointed out inconsistencies between his findings and his later extensive functional limitations.  These are valid bases for determining not to accept Dr. Dao's functional limitations.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (doctor's contemporaneous notes and recorded observations discredit later differing opinion of claimant's ability); *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999) (among other things, internal inconsistencies within doctor's reports valid grounds for discrediting opinions).

Plaintiff's second assertion of error is that the Administrative Law Judge wrongly discredited her claims of pain.  Again, the Court disagrees.  Plaintiff asserted that, as a result of pain, she could walk only a half block and stand no more than fifteen minutes at a time.  Yet, the evidence showed that she took forty-five minute walks and rode a stationary bike for 30 minutes, both inconsistent with her testimony.  Activities of such sort properly are usable to discredit the extent of a claimant's pain.  *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). The Administrative Law Judge also pointed out how the objective evidence did not square with the extent of Plaintiff's assertions of the disabling nature of her pain.  [AR 32]  Contrary to Plaintiff's contention, the Administrative Law Judge is in fact entitled to consider the objective evidence as one factor in assessing the effect of a claimant's assertion of pain.  *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

Finally, Plaintiff asserts that the Administrative Law Judge erred in not finding a manipulative impairment.  Plaintiff does not devote much attention to this argument, but it is clear that the Administrative Law Judge acted appropriately in this regard.  He noted that the records disclosed that Plaintiff had normal range of motion of the hands and fingers and that she was able to perform fine manipulation using the fingers of both hands.  [AR 31]  Thus, he clearly had a basis for concluding that there was no medical impairment relating to Plaintiff's ability to manipulate her hands and fingers.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: July 18, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE